IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRICK EUGENE ANDERSON,

                      Plaintiff,

  v.

COLUMBIA CORRECTIONAL INSTITUTION,

                      Defendants.

OPINION and ORDER

20-cv-1104-jdp

---

Plaintiff Darrick Eugene Anderson, appearing pro se, is a prisoner at Columbia Correctional Institution. Anderson alleges that prison staff have violated his rights in several ways. He seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Anderson's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss Anderson's complaint because it violates the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand

whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

The opposing parties here would not be able to understand the claims against them. Anderson contends that prison staff refused to give him medical attention after he committed repeated acts of self-harm; failed to treat a hernia; used painful restraints on him; denied him a mattress, sheets, hygiene items, and showers; wouldn't let him make telephone calls; and in one incident almost drowned him by keeping a spit mask on his face while washing pepper spray off of him. Anderson names the prison itself as a defendant in the caption of his complaint and then states that "Correctional Officers" are the defendants in the "Parties" section of his complaint. Dkt. 1, at 1–2. But he can't name an entity like the prison as a defendant in this lawsuit brought under 42 U.S.C. § 1983, and he fails to identify *which* correctional officers or other staff members actually took the actions that he says harmed him. Because claims under § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant that Anderson wishes to sue in these actions must be able to understand what he or she is alleged to have done to violate his rights.

The other major problem with Anderson's complaint is that it asserts multiple claims against prison staff that appear to be unrelated to each other. Although Anderson's Rule 8 problems make it impossible to tell precisely which officer is responsible for each alleged constitutional violation, his allegations almost certainly violate Federal Rule of Civil Procedure 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of

the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). For example, it is highly unlikely that the staff members failing to provide Anderson with adequate medical care after acts of self-harm are the same persons who are denying him telephone calls. If they are not the same defendants, the claims cannot be brought together in the same lawsuit.

Because Anderson's complaint does not comply with Rule 8 and most likely Rule 20 as well, I will dismiss it in its entirety. However, I will give Anderson a chance to file an amended complaint in which he sets out his claims against each officer in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Anderson should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. He needs to include each person he wishes to name as a defendant in the caption of his amended complaint. If Anderson does not know the identity of particular defendants, he may label them as John Doe No 1, John Doe No. 2, and so on.

Because it is likely that Anderson's various claims would violate Rule 20 even after he identifies which defendant took each action that harmed him, he might find it useful to amend his complaint by starting with the single constitutional violation he thinks is the most important, consider which defendants are responsible for it, and limit his allegations in his amended complaint to claims related to that problem. If Anderson's other claims are against the same defendants as his main claim, he can add those to the amended complaint under Rule 20. If his other claims are against different defendants, they should not be included in his amended complaint.

Should Anderson fail to submit a proposed amended complaint by the deadline set in the order below, I will direct the clerk of court to enter judgment dismissing the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Darrick Eugene Anderson's complaint, Dkt. 1, is DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until May 4, 2021, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit a proposed amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered April 14, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge