IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRICK EUGENE ANDERSON,

                Plaintiff,

v.

CO. JONATHAN KORDUCKI, CO. TRAVIS KLEEM,
CO. TIMOTHY HOUG, CO. FABRY, and CO.
CONROY,

                Defendants.

OPINION and ORDER

20-cv-1104-jdp

---

Pro se plaintiff Darrick Eugene Anderson alleges that officials at Columbia Correctional Institution (CCI) used excessive force on him. Defendants have moved for summary judgment, contending that Anderson failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 17. I will grant defendants' motion and dismiss this case without prejudice for failure to exhaust administrative remedies.

BACKGROUND

I allowed Anderson to proceed on an excessive force claim against defendants based on the allegation that, after pepper-spraying Anderson, defendants put a spit mask on him while he was restrained and showered him, which stopped him from breathing. *See* Dkt. 12. Defendants contend that Anderson failed to exhaust administrative remedies because he "did not pursue an administrative complaint at CCI pertaining to the pepper-spray incident." Dkt. 18 at 7. Anderson contends that he could not file a complaint because he was placed on observation status and lacked complaint forms and writing utensils, but does not elaborate. *See* Dkt. 21.

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We "take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *See Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections (DOC) maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. The complaint process starts with a prisoner's filing of a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." Wis. Admin. Code DOC § 310.07(2). A prisoner "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." Wis. Admin. Code DOC § 310.07(2).

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Anderson failed to exhaust available administrative remedies. Because Anderson failed to start the DOC's inmate complaint process, he failed "to alert the state to the [alleged excessive force] and invite corrective action." *See Turley*, 729 F.3d at 649; *see also Boyd v. Pollard*, 621 F. App'x 352, 355 (7th Cir. 2015) ("Because Boyd did not comply with regulations by filing a grievance, *see* Wis. Admin. Code § DOC 310.07, summary judgment for the defendants on this claim was proper.").

Anderson contends that administrative remedies were unavailable because he was placed on observation status and lacked complaint forms and writing utensils. Dkt. 21. But Anderson does not provide specific factual allegations to support this contention. *See Gabrielle M. v. Park Forest-Chi. Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("[T]o withstand summary judgment, the non-movant must allege *specific* facts creating a genuine issue [of fact] and may not rely on vague, conclusory allegations." (emphasis in original)). Also, Anderson filed complaints at CCI before and after he filed this lawsuit, *see* Dkt. 19-1, and he fails to specify when he was on observation status. So the evidence shows that Anderson could file complaints at CCI. In any case, if being on observation status stopped Anderson from filing a complaint, he has failed to explain why he did not file a late complaint and ask the institution complaint examiner to accept it for good cause. *See* Wis. Admin. Code DOC § 310.07(2); *see also Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011) (affirming grant of summary judgment

3

where prisoner failed to "present evidence to support his contention that he had indeed exhausted his available administrative remedies by filing a grievance as soon as it was reasonably possible for him to do so"); *McCoy v. Gilbert*, 270 F.3d 503, 511 (7th Cir. 2001) (because prison "had the authority to take some sort of action with respect to a tardy complaint," the prisoner had to make "an attempt to use [the prison's] administrative process"); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try." (emphasis in original)).

Because defendants have shown that Anderson failed to exhaust the administrative remedies that were available to him, I will grant their motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 17, is GRANTED. This case is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. All pending motions are DENIED as moot.

3. The clerk of court is directed to enter judgment and send plaintiff a copy of this order.

Entered March 31, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge